J-S42027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA      IN THE SUPERIOR COURT OF
PENNSYLVANIA

Appellee

v.

DRU MICHAEL SMITH FAILOR

Appellant      No. 1664 MDA 2016

Appeal from the Judgment of Sentence August 23, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002532-2015

BEFORE: OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:      **FILED SEPTEMBER 19, 2017**

Dru Michael Smith Failor appeals from the August 23, 2016 judgment of sentence entered in the Cumberland County Court of Common Pleas after he pled guilty to arson endangering property (reckless endangerment of inhabited building), retaliation against witness or victim, and six counts of recklessly endangering another person.[1] We affirm.

The trial court set forth the following factual and procedural history:

> The underlying incident in this matter began with [the Victim] filing for a Protection From Abuse [("PFA")] order against [Failor]. A final PFA order was entered by stipulation against [Failor] on December 24, 2014. On June 15, 2015, while Victim was protected by the final PFA order, [Failor] elected to travel with several friends to the residence where Victim was living. While [Failor]'s friends attempted to talk him out of it, [Failor] threw a firework at

---

[1] 18 Pa.C.S. §§ 3301(c)(2), 4953(a), and 2705, respectively.

Victim's residence. The firework failed to ignite, and [Failor] left the property.

Subsequently, [Failor] returned to Victim's residence and threw a second firework at it. The second firework landed on the residence's wooden deck and ignited, sparking a fire which caused over $44,000 in damage to the residence and drove Victim, as well as friends and relatives of Victim also staying at the residence[,] including Victim's infant child, into the streets.

[Failor] was identified as the responsible party by several witnesses, who contacted Victim and the police regarding the incident. [Failor] was arrested and charged with the underlying offenses. Prior to trial, [Failor] contacted the witnesses in question and, in a consensually recorded conversation, threatened to kill each and every one of them if [he] was convicted of the charges against him.

On July 11, 2016, the date [Failor] was scheduled to appear for trial in this matter, [Failor] entered a plea of guilty to the charges of Arson (Endangering Property), Retaliation Against a Witness or Victim, and six counts of Recklessly Endangering Another Peron. [Under the terms of the plea agreement, the court dismissed charges of arson (endangering persons), risking catastrophe, criminal mischief (damaging property by fire), and loitering and prowling at night time.][2] Following entry of his pleas, [Failor] was sentenced on August 23, 2016, to a term of incarceration of one to three years for the Arson (Endangering Property) charge, and a consecutive two to four year term for Retaliation Against a Witness or Victim. On the Recklessly Endangering Another Person charges, [Failor] was sentenced to concurrent terms of two years of probation, set consecutive to the term of incarceration. . . .

Following sentencing, [Failor] timely filed a *pro se* post-sentence motion for reconsideration on August 30, 2016, and a counseled motion for reconsideration on September

---

[2] 18 Pa.C.S. §§ 3301(a)(1)(i), 3302(b), 3304(a)(1), and 5506, respectively.

[]2, 2016. [Failor]'s motion for reconsideration was denied by Order of Court dated September 7, 2016[.]

Opinion Pursuant to Pa.R.A.P. 1925(a), 12/9/16, at 3-4 ("1925(a) Op."). On October 7, 2016, Failor filed a timely notice of appeal.

Failor raises one question on appeal that contains two issues: "Did the court abuse its discretion by imposing a sentence which was manifestly excessive, unreasonable, and an abuse of discretion, as the trial court had no basis for imposing an aggravated range sentence or for imposing sentences consecutively?" Failor's Br. at 7 (some capitalization omitted).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we must first determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Failor filed a timely notice of appeal, preserved his discretionary aspects of sentencing claims in a motion for reconsideration of sentence, and included a concise statement of the reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We

must now determine whether Failor's issue raises a substantial question for our review.

We evaluate whether a particular sentencing issue raises a substantial question on a case-by-case basis. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quotation omitted). A claim that the sentence imposed was excessive and unreasonable, when that sentence is above the aggravated range under the Sentencing Guidelines, presents a substantial question for our review. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa.Super. 2008) (finding that appellant's "contention that the [trial] court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review"). "The imposition of consecutive, rather than concurrent sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa.Super. 2010). However, a "challenge to the imposition of . . . consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider [the defendant's]

rehabilitative needs and mitigating factors upon fashioning its sentences, presents a substantial question." ***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa.Super. 2015).

We conclude that Failor has raised a substantial question as to whether his aggravated-range sentence for retaliation is manifestly excessive. We also conclude that Failor has raised a substantial question as to whether the court failed to consider his rehabilitative needs and mitigating factors and in imposing the aggregate sentence. Accordingly, we will review the merits of his claims.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super. 2010).

First, Failor argues that he was sentenced to an aggravated-range sentence based on inappropriate factors. According to Failor, the trial court "imposed a sentence under the retaliation charge that was . . . motivated by the allegation that . . . Failor committed an arson endangering persons." Failor's Br. at 16. Failor asserts that "[i]t is manifestly unjust to dismiss the arson endangering persons charge and then use that same language/conduct to impose an aggravated range sentence for the retaliation charge." ***Id.*** This claim is without merit.

It is well settled that "[a] sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon

impermissible consideration. . . . [including] unreliable information."
***Commonwealth v. Downing***, 990 A.2d 788, 793 (Pa.Super. 2010)
(quoting ***Commonwealth v. Karash***, 452 A.2d 528, 528-29 (Pa.Super.
1982)).  Further, "the evidence upon which a sentencing court relies must
be accurate and there must be evidentiary proof of the factor[] upon which
the court relied." ***Id.*** (internal citations and quotations omitted).

Here, the trial court cited three factors in support of an aggravated-
range sentence:  (1) the amount of damage to the property; (2) the risk of
serious injury to the victims; and (3) Failor's prior conviction for criminal
mischief on March 15, 2016.  N.T., 8/23/16, at 14-15.  At the guilty plea
hearing, Failor admitted that he threw the firework at the home because the
victim had filed for and received a PFA order against Failor.  Failor's
retaliation conviction shared the same underlying factual basis that might
have been used to prove the arson endangering persons charge, which was
dismissed as a part of the plea agreement.  The dismissal of that arson
charge did not preclude the trial court from considering the factual basis for
the plea to retaliation.  Therefore, we conclude that the trial court acted
within its discretion in sentencing Failor in the aggravated range for the
retaliation conviction.

Next, Failor argues that the trial court failed to consider mitigating
factors in imposing the aggregate sentence.  According to Failor, the trial
court "based [its] decision on [its] personal sympathies, [its] rancor towards

[] Failor, and [its] revulsion of [] Failor's offenses." Failor's Br. at 16. Failor asserts that the trial court ignored his "potential for rehabilitation [and] his . . . manifestation of social conscience and responsibility through contrition, repentance, and cooperation with law enforcement agencies." *Id.* at 18 (quoting **Commonwealth v. Frazier**, 500 A.2d 158, 160 (Pa.Super. 1985)). Failor contends that he exhibited these matters by pleading guilty and apologizing for his actions during his allocution. Failor also asserts that the trial court failed to consider Failor's "need to work and maintain employment in order to pay the significant amount of restitution order by the court," and that Failor's conviction will now make him "virtually unemployable." This claim does not merit relief.

Section 9721(b) of the Sentencing Code requires that

> in selecting from [sentencing] alternatives . . . the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b). Further, "[w]here pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding [the defendant's] character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Gonzalez**, 109 A.3d 711, 732 (Pa.Super.) (quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)), *app. denied*, 125 A.3d 1198 (Pa. 2015). This Court has stated that:

> A pre-sentence report constitutes the record and speaks for itself. . . . [S]entencers are under no compulsion to employ checklists or any extended of systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true . . . in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we . . . presume also that the weighing process took place in a meaningful fashion.

**Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting **Devers**, 546 A.2d at 18).

Here, the trial court reviewed the pre-sentence investigation report and victim impact statements. The trial court also heard from the Commonwealth and Failor and heard Failor's allocution. We are convinced that the trial court imposed an individualized sentence that took into consideration any mitigating factors presented and the factors under section 9721(b). Accordingly, we find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017

- 8 -